UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

VERNON 4540 REALTY, LLC,

Debtor.

Chapter 11
Case No. 20-22919 (RDD)

# ORDER GRANTING IN PART AND DENYING IN PART THE OBJECTIONS OF LLC MEMBER SEEKING TO DISALLOW AND EXPUNGE PROOF OF CLAIM NUMBERS 5–2, 6–1, 7–1, AND 8–1

Upon consideration of (a) *LLC Member's Motion Seeking to Disallow and Expunge Proof of Claim of CSC 4540, LLC (Claim No. 5)* [Docket No. 90] (the "**CSC Objection**"), (b) *LLC Member's Motion Seeking to Disallow and Expunge Proof of Claim of CSC 4540, LLC (Claim No. 6)* [Docket No. 91] (the "**JSMB MM Objection**"), (c) *LLC Member's Motion Seeking to Disallow and Expunge Proof of Claim of CSC 4540, LLC (Claim No. 7)* [Docket No. 92] (the "**JSMB Objection**"), and (d) *LLC Member's Motion Seeking to Disallow and Expunge Proof of Claim of CSC 4540, LLC (Claim No. 8)* [Docket No. 93] (the "**45-50 Vernon Objection**"; collectively, the "**Claim Objections**") seeking orders disallowing and expunging the claims filed this case on the official claims register as Claim Nos. 5–2, 6–1, 7–1, and 8–1;[1] and this Court[2] having jurisdiction over the Claim Objections under 28 U.S.C. §§ 157(a)-(b)

---

[1] Although each Claim Objection's title identifies CSC 4540, LLC as the claimant, the claimants for each respective claim are as follows: Claim 5–2 was filed by CSC 4540, LLC ("**CSC**"); Claim 6–1 was filed by JSMB 4540 MM LLC ("**JSMB MM**"); Claim 7–1 was filed by JSMB 4540 LLC ("**JSMB**"); and Claim 8–1 was filed by 45-50 Vernon LP ("**Vernon LP**"; together with CSC, JSMB, and JSMB MM, the "**Claimants**").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Consolidated Response of CSC 4530, LLC, 45-50 Vernon LP, JSMB 4540 LLC, JSMB MM, and Quadrum Development Corp. to Motion of Brent Carrier to Disallow Claims 3–1, 5–2, 6–1, 7–1, and 8–*

and 1334(b) as core proceedings under 28 U.S.C. § 157(b)(2) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of, and the opportunity for a hearing on, the Claim Objections was due and sufficient and that no other notice need be provided; and upon the Claimants' responses to the Claim Objections and all related pleadings and filings, including, without limitation, any claim amendments filed in connection therewith and the time and expense records of the Claimants' counsel submitted in support of the claims, any reply or other filings, to the extent admissible, submitted in further support of the Claim Objections, and any supplemental briefing; and upon all of the proceedings had before this Court, including the evidentiary hearing held on December 21–22, 2021 (the "**Evidentiary Hearing**") and the evidence admitted at the Evidentiary Hearing; and, after due deliberation and for the reasons stated by the Court in its bench ruling on February 3, 2022, the Court having determined that the Claimants have sustained their burden of proof with respect to the claims at issue to the extent set forth herein and otherwise have not sustained such burden and, accordingly, that the claims at issue should be allowed to the extent set forth herein and otherwise disallowed and expunged as claims against the Debtor and the Debtor's estate under 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007; and sufficient cause appearing therefor, it is hereby

---

*1 and Joint Request for Allowance of Such Claims in the Amounts Stated Herein Pursuant to Section 502(b) of the Bankruptcy Code* [Docket No. 109].

#11028580 v1 \026143 \0003

**ORDERED** that the Claim Objections are granted in part and denied in part as set forth herein; and it is further

**ORDERED** that the JSMB MM Objection, objecting to Claim No 6–1, is denied as moot, because JSMB MM withdrew Claim No. 6–1 on the record as indicated in the Calendar Entry at Docket No. 95 ("Claim 6–1 in the Vernon Case is being withdrawn pursuant to hearing held on 7/28/2021 as per Judge RDD"); and it is further

**ORDERED** that the JSMB Objection, objecting to Claim No. 7–1, is granted, and Claim No. 7–1 is disallowed and expunged as against the Debtor and the Debtor's estate; and it is further

**ORDERED** that the 45-50 Vernon Objection, objecting to Claim No. 8–1, is granted, and Claim No. 8–1 is disallowed and expunged as against the Debtor and the Debtor's estate; and it is further

**ORDERED** that the CSC Objection, objecting to Claim No. 5–2, is denied in part and granted in part such that Claim No. 5–2, filed by CSC is hereby allowed in the aggregate amount of $660,458.96[3] and otherwise is disallowed and expunged as against the Debtor and the Debtor's estate; and it is further

**ORDERED** that the official claims register in this chapter 11 case shall be modified in accordance with this Order; and it is further

---

[3] This aggregate amount comprises (a) $190,344.05 of damages, $58,721.14 of prepetition prejudgment interest thereon, and $91,274.45 of prepetition attorneys' fees and expenses for the "Deposit Theft" claim, (b) $73,354.65 of prepetition attorneys' fees and expenses for the "Certificate of Completion" claim, and (c) $242,510 of carrying cost damages and $4,254.67 of prepetition attorneys' fees and expenses for the Sale Breach" claim.

#11028580 v1 \026143 \0003

3

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: White Plains, New York
February 24, 2022

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE