# TRAURIG LAW LLC

**Jeffrey M. Traurig**
jtraurig@trauriglaw.com
646-974-8650 (Main), ext. 1

Traurig Law LLC
One University Plaza, Suite 124
Hackensack, NJ 07601
www.trauriglaw.com

**MEMORANDUM ENDORSED ORDER:**
**The request for a conference is granted. The conference shall take place at 10:00 a.m. on June 12, 2023.**
**So Ordered.**
**Dated: May 8, 2023**

*/s/ Sean H. Lane*

**United States Bankruptcy Judge**

May 4, 2023

**VIA ELECTRONIC MAIL**

Honorable Sean H. Lane
United States Bankruptcy Court Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

> Re:  **Vernon 4540 Realty LLC (Case No. 20-22919);**
> **CSC 4540, LLC, 45-50 Vernon LP, JSMB 4540 LLC, JSMB 4540 MM LLC v. Vernon 4540 Realty, LLC, and Brent Carrier (Adv. Pro. No. 20-07020); and**
> **Brent Carrier v. CSC 4540, LLC, 45-50 Vernon LP, JSMB 4540 LLC, JSMB 4540 MM LLC, and Vernon 4540 Realty LLC (Adv. Pro. No. 21-07032).**

Dear Judge Lane:

This firm represents Buchwald Capital Advisers LLC, the trustee (the "Liquidating Trustee") of the Liquidating Trust created as a vehicle to assist in implementing the Plan (defined below) for Vernon 4540 Realty LLC.

To address open issues, the Liquidating Trustee is requesting that the First Adversary Proceeding and the Second Adversary Proceeding (defined below) be scheduled for a conference or alternatively, for the Court to dispose of and close the adversary proceedings if it determines a conference is not necessary.

The Effective Date of the Plan occurred on March 17, 2022. Since that time, distributions have been made in accordance with the Plan[1] and the Liquidating Trust. With the exception of reserves to pay the Liquidating Trust's professionals, all distributions in the Liquidating Trust have been completed. At this time, the Trustee is preparing to file a motion for entry of a final decree closing the Chapter 11 case.

In addition to the Liquidation Trust Assets, the Plan also provides that the Brownfield Tangible Property Credit Share is not included in the Liquidating Trust Assets, and the Plan Proponent remains obligated to distribute any surplus in accordance with the Plan. The Liquidating Trustee has been advised that it is unlikely that there will be any such additional distribution. In

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation for Vernon 454 Realty LLC* [Docket No. 145-1] (the "Plan").

any event, the Liquidating Trustee submits that any such obligation to make distributions would survive the closing of the Debtor's case.

In connection with closing the case and review of the dockets, it appears that the following adversary proceedings remain open on the Court's Docket: (a) *CSC 4540, LLC, 45-50 Vernon LP, JSMB 4540 LLC, JSMB 4540 MM LLC v. Vernon 4540 Realty, LLC, and Brent Carrier* (Adv. Pro. No. 20-07020 (the "First Adversary") and (b) *Brent Carrier v. CSC 4540, LLC, 45-50 Vernon LP, JSMB 4540 LLC, JSMB 4540 MM LLC, and Vernon 4540 Realty LLC* (Adv. Pro. No. 21-07032) (the "Second Adversary").

With respect to the First Adversary Proceeding, the Plan Proponents were among the plaintiffs that filed the complaint. The Liquidating Trust believes that the First Adversary Proceeding is resolved or moot as a result of the (a) Order Granting Plaintiff's Motion for Summary Judgment and Directing Appointment of Examiner Pursuant to 11 U.S.C. § 1104(c) (Adv. Pro. No. 20-07020, Dkt No. 60), (b) the District Court's affirmance of the summary judgement Order and (c) the Plan's provisions for distributions. The Liquidating Trust also has been advised by the Plan Proponents that they believe the First Adversary Proceeding is moot and that any open issues were resolved by the appeal and the Plan.

With respect to the Second Adversary, filed by Brent Carrier, a motion to dismiss was filed by certain of the defendants to dismiss the Second Adversary Proceeding. A hearing was held before the Honorable Robert D. Drain on December 1, 2021, in which the Honorable Drain stated:

> "it appears clear to me that if in fact the appeal [in the First Adversary] is denied, the motion [to dismiss] would be granted on substantive grounds of either res judicata in all likelihood or with respect to related claims possibly asserted in the complaint of breach of contract or breach of fiduciary duty on the basis of collateral estoppel…"

*See* Hearing Transcript, Adv. Pro. No. 21-07032, Dkt No. 26 at p.33. The Court's entry of such an Order was deferred under the divestiture doctrine and Bankruptcy Rule 8008(a)(1). As a result of the Second Adversary being, among other things, (a) duplicative of the First Adversary, (b) the occurrence of the Effective Date of the Plan, and (c) distributions from the Liquidating Trust, the Liquidating Trustee believes the Second Adversary should be disposed of by entry of a dismissal order.

Accordingly, as set forth above, the Liquidating Trustee requests a conference to address the open adversary proceedings, or alternatively, for the Court to dispose of and close the adversary proceedings if it determines a conference is not necessary.

Respectfully,

/s/ Jeffrey Traurig_____
Jeffrey Traurig

cc:  *Brent Carrier (via email and first class mail)*
*Counsel to the Debtor (via email and first class mail)*
*Counsel to the Plan Proponents and*
*JSMB 4540 MM LLC (via email and first class mail)*
*The Examiner and her counsel (via email and first class mail)*
*Office of the United States Trustee (via first class mail)*